IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHLEEN CHAFIN,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>WISCONSIN PROVINCE OF THE SOCIETY OF JESUS, and CATHOLIC ARCHDIOCESE OF OMAHA,<br><br><br>Defendants. | **8:19CV346**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Catholic Archdiocese of Omaha's motion for sanctions, Filing No. 6, and joint motion for summary judgment filed by both defendants, Filing No. 9. Plaintiff filed this action alleging she was forced into indentured servitude while pregnant in 1968, that she was drugged, and that her baby was taken from her while she was tied to a birthing bed without her consent. Such actions, alleges plaintiff, were in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution; the Nebraska Constitution; and 42 U.S.C. § 1983. Plaintiff requests no less than ten million dollars in special damages, future damages, general damages, costs and attorneys' fees.

**BACKGROUND**

Plaintiff initiated an action in the Douglas County District Court, Nebraska on April 4, 2017. The district court granted defendants' motion to dismiss the amended complaint on the basis of the statute of limitations. The district court rejected the arguments regarding tolling as they related to a continuing tort, the discovery rule and plaintiff's alleged mental defects. *Chafin v Wisconsin Province of the Society of Jesus*, 2017 WL 10669614, at *6 (Neb. Dist. Ct. Sep. 12, 2017). Filing No. 8, Ex. 1, p. 12. On appeal the Nebraska Supreme Court affirmed the district court finding that the cause of action was barred by the statute of limitations. *Chafin v. Wisconsin Province of Society of Jesus*, 301 Neb. 94, 101, 917 N.W.2d 821, 826 (2018). Filing No. 8, Ex. 2, p. 6. Then, on August 14, 2019, plaintiff filed this case. This action is filed by the same plaintiff against the same defendants. The complaints are nearly identical, although in this case, plaintiff added a claim under 42 U.S.C. § 1983.

Plaintiff became pregnant at the age of 18 while attending St. Louis University in Missouri. Plaintiffs contend that she was induced to return to her home in Omaha. At that time, Father Hupp, parish priest at Christ the King Church allegedly condemned the plaintiff and her boyfriend. Plaintiff and her boyfriend made plans to return to college when Father Thomas Halley allegedly came to her home and told plaintiff she brought shame on the family and had damned her soul. Plaintiff then asserts that in July of 1968 she was forced by Father Halley, as agents of the defendants, to sign a contract for room and board for housing for young unmarried girls who became pregnant. She worked as an indentured servant, she indicates, until she had her baby. She contends that she was then drugged without her knowledge and tied to a birthing bed. According to plaintiff, her

baby was taken from her under false pretenses, as her baby was kidnapped and given over for adoption. Following this behavior, plaintiff contends that the defendants fraudulently covered-up and concealed facts and witnesses necessary for her to pursue any action. In April of 2015 defendant met her son. She then wrote to the defendants and demanded an investigation. Defendants apparently agreed to conduct an independent investigation and report back to plaintiff. To date she has not received a report, and she states that the investigation was done by the attorneys for the defendants, not an independent body.

**STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion and must identify 'those portions of [the record] . . . which it believes

demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324).

"A genuine dispute of material facts exists when "factual issues . . . may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251. In the summary judgment context, the Court views the facts and draws all reasonable inferences in favor of the nonmoving party. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson,* 643 F.3d at 1042; *see Anderson*, 477 U.S. at 255.

**DISCUSSION**

**A. <u>Summary Judgment</u>**

Plaintiff contends the following facts are disputed: (a) the extent to which the defendants have a relationship between the federal and state government; (b) whether plaintiff's complaint meets the notice requirements of Fed. R. Civ. P. 8; (c) whether defendants acted under color of state law; and (d) whether the suit should be barred by the statute of limitations. In general, plaintiff contends that no discovery has yet taken place, and she is entitled to conduct such discovery. Consequently, she argues this motion for summary judgment is premature.

Defendants argue that this is an improper attempt to relitigate a case that has already been decided by the Nebraska state courts. *See Chafin v. Wisconsin Province of the Soc. of Jesus*, No. CI17-0002709, 2017 WL 10669614, at *6 (D. Neb. Sep. 12, 2017); *Chafin v. Wisconsin Province of Soc'y of Jesus*, 301 Neb. 94, 101, 917 N.W.2d 821, 826 (2018).

1. *Res Judicata (claim preclusion) and Collateral Estoppel (issue preclusion)*

The Nebraska Supreme Court recently addressed the issue of claim preclusion, where it stated:

> Under Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

*Hill v. AMMC, Inc.*, 300 Neb. 412, 417, 915 N.W.2d 29, 33 (2018). This includes matters that were litigated or might have been litigated. *Hara v. Reichert*, 287 Neb. 577, 580, 843 N.W.2d 812, 816 (2014).

The Court agrees that elements 1, 2, and 4 have all been met. With regard to element 3, the Nebraska Supreme Court recently stated "[t]hus, to the extent the federal judgment was based on the 90-day statute of limitations, it was **a judgment on the merits** under either federal claim preclusion law or federal common law (incorporating Nebraska law)." *Hill*, 915 N.W. 2d at 421 (emphasis added). The Court finds that element three has likewise been met in this case pursuant to the Nebraska Court judgment. In this case, the Nebraska Supreme Court issued a judgment on the merits. The Court is bound by these findings, and the plaintiff offers no support to suggest otherwise.

With regard to collateral estoppel, defendants argue that the collateral estoppel applies to this case, as the doctrine of issue preclusion as to the statute of limitations bars the claims alleged in this case.  The Nebraska Supreme Court has stated:

> Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. Issue preclusion applies only to issues actually litigated.

*Hara,* 843 N.W.2d at 816.  This Court must honor the preclusive effect of state court judgments.  28 U.SC. § 1738.  Generally, this state court holding might not bar new federal claims, such as a § 1983 claim.  However, in this particular case, the finding by the Nebraska Supreme Court that the statute of limitations has run, bars the claims under § 1983.  The conduct claimed under § 1983 clearly occurred outside of the statute of limitations, no matter which statute of limitations is used.  The Nebraska courts clearly determined that nothing alleged by the plaintiff, including the fraud and deceit, tolled the statute of limitations.

Accordingly, the Court determines that both claim and issue preclusion bars the relitigation of the statute of limitations in this case.

## 2. *State Action*

In order to establish a claim for a § 1983 cause of action, the party must comply with that statute.   Section 1983 states:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983 (emphasis added). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe v. Humke*, 128 F.3d 1213, 1215–16 (8th Cir. 1997) quoting *West v. Atkins*, 487 U.S. 42, 49 (1988).

There are no allegations in the complaint before this Court that suggest state action. No relationship to the state or state actors has been asserted. Plaintiff again simply asks the Court to allow discovery. This is insufficient. A party cannot make allegations such as these without any factual basis and then ask for discovery to make the allegations true. Further, the plaintiff cannot make out a case for a § 1983 violation by alleging violations of state law. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313–14 (6th Cir. 2005).

Accordingly, the Court likewise finds this element has not been met.

3. *Statute of Limitations*[1]

With regard to the merits of the statute of limitations under § 1983, "[s]ection 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose. *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988). In Nebraska, this statute of limitations would be governed by the 4-year statute of limitations, Neb. Rev. Stat. § 25-207; Poor Bear v. Nesbitt, 300 F. Supp. 2d 904, 912 (D. Neb. 2004). The Nebraska courts made this determination. They addressed the tolling

---

[1] The Court need not decide this issue given its rulings in this case. However, for the sake of clarity, the Court will do so.

arguments, finding that plaintiff's claims were time barred long before 2015. Filing No. 8, Ex. 2, p. 6. This Court likewise agrees for all the reasons set forth herein.

### B. Motion for Sanctions

Defendants contend that this action is frivolous, and plaintiff violated Fed. R. Civ. P. 11 by bringing this case.[2] The only possible difference in the two cases is the claim under § 1983. Again, plaintiff contends that no discovery has yet taken place and she is entitled to do such discovery. As such, it is premature, she argues, to make any determinations as to Rule 11 sanctions.

If a pleading is signed in violation of Rule 11, a court has the right to impose sanctions including money, attorneys' fees and expenses. Fed. R. Civ. P. 11(c)(2). When conducting this analysis, "the central issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *Robinson v. Eng*, 148 F.R.D. 635, 646 (D. Neb. 1993) citing *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). The Eighth Circuit has "repeatedly approved sanctions in cases where plaintiffs attempted to evade the clear preclusive effect of earlier judgments." *Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923, 927 (8th Cir. 2015), citing *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006); *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030,

---

[2] This rule states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. Rule 11(b).

1032–33 (8th Cir. 2003); *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 682–84 (8th Cir. 1997); and *King v. Hoover Group, Inc.*, 958 F.2d 219, 223 (8th Cir. 1992).

The Court finds sanctions are permitted under these circumstances. The statute of limitations issue was clearly decided in the Nebraska state courts. There is no basis for a § 1983 claim as there is no allegation of state action by either defendant; there is no reasonable basis for a claim under § 1983; and no matter which statute of limitations is applied in this case, plaintiff is out of time in any event. Accordingly, the Court will permit defendant to recover reasonable fees and expenses under Rule 11. Defendant shall file its request within 14 days of the date of this Memorandum and Order; plaintiff shall reply within 14 days thereafter.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' joint motion for summary judgment, Filing No. 9, is granted.

2. Defendant's motion for sanctions, Filing No. 6, is granted. Defendant shall file its request within 14 days of the date of this Memorandum and Order; plaintiff shall reply within 14 days thereafter.

3. This case is dismissed, and a separate judgment will be entered in accordance with this memorandum and order.

Dated this 11th day of February, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge