IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHLEEN CHAFIN,<br><br>Plaintiff,<br><br>vs.<br><br>WISCONSIN PROVINCE OF THE SOCIETY OF JESUS, and CATHOLIC ARCHDIOCESE OF OMAHA,<br><br>Defendants. | 8:19CV346<br><br>**AMENDED MEMORANDUM AND ORDER**[1] |

This matter is before the Court following entry of a Memorandum and Order on February 11, 2020. Filing No. 17. Plaintiff initially filed her case in Douglas County District Court in Omaha, Nebraska. The case was dismissed on the basis of the statute of limitations. Plaintiff then filed her case in this Court, and the Court likewise dismissed the action. In its Memorandum and Order, this Court determined that the defendants could apply for Rule 11 sanctions, Fed. R. Civ. P. 11. *Id.* at 9. Defendant Catholic Archdiocese requested Rule 11 sanctions and fees against plaintiff's counsel, alleging

---

[1] Previously, this Court entered a Memorandum and Order for attorney fees in favor of the defendants herein. Filing No. 22. The Memorandum and Order should only apply to defendant Catholic Archdiocese of Omaha and not to defendant Wisconsin Province of the Society of Jesus. Accordingly, the Court is amending this Memorandum and Order to reflect that change.

1

the case is frivolous. Filing No. 6 and Filing No. 19.[2] The Court reviewed the request and determined that sanctions will be permitted.

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (quoting Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). It is clear that the central purpose of Rule 11 is to deter baseless filings in district court. *Cooter & Gell*, 496 U.S. at 393.

The general standard for imposition of Rule 11 sanctions is that the conduct of a party or its counsel was objectively unreasonable. *Black Hills Inst. of Geological Research v. S.D. Sch. of Mines & Tech.*, 12 F.3d 737, 745 (8th Cir. 1993); *see Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (noting that the standard "is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'") (quoting *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006)). "The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). *See also, Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir.1994) ("[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs

---

[2] Defendants also filed their respective answers alleging that the doctrines of collateral estoppel and *res judicata* applied, as this case was previously litigated. However, the plaintiff continued to pursue the case.

in defending." (citation omitted)). The Court has broad discretion to determine what punishment will deter the undesirable conduct. *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir.1995). "Rule 11 sanctions should not exceed what is necessary to deter the misconduct in question." *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 245 F.R.D. 381, 388 (N.D. Iowa 2007).

The Court is sensitive to the plaintiff's allegations against the defendants and the appearance of punishing a victim. However, it is counsel's obligation to say "no" to clients when continued litigation is frivolous. The controlling statute of limitations for similar allegations has been extended by some jurisdictions. But that is not the posture of this case.

The defendant Catholic Archdiocese filed its motion, Filing No. 19, as well as an Affidavit in support, outlining the fees requested.[3] In total, defendant asks for $13,860. Defendant requests fees for 69.9 hours at a primary attorney rate of $275, an associate's hourly rate of $200, a paralegal rate of $90 per hour, for a total of $13,845.00 plus $15.00 in costs. *See* Filing No. 20-1, Ex. A.

The Court first finds that the conduct in case is unreasonable and frivolous. The state district court clearly dismissed its case on the basis of the statute of limitations and finding that applies equally in this case. Thus, plaintiff filed a legally baseless claim in this Court. Further, defendants put plaintiff on notice in their answers that the case was decided in state court and the doctrines of collateral estoppel and *res judicata* applied. Yet the case continued, and the defendants were forced to file summary judgment motions. The Court finds the measure of the appropriate fee in this case is a combination

---

[3] Plaintiff filed a response. However, the response only talks about the merits of plaintiff's case, pursuant to an affidavit filed by the plaintiff and does not address the request for the amount of fees. Filing No. 21.

of the requested fees and expenses and the effect of deterrence for litigant misconduct, with the latter being the more important component. With this in mind, the Court finds that a fee that would likely deter is $5,000, which is also approximately a third of the total attorney fees likely incurred by defendant which includes the Court's estimate for filing the instant motion and the fee requested by the defendant Catholic Archdiocese. The Court will assess this amount against plaintiff's counsel. *See* Rule 11(b)(2), "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and Rule 11(c)(5) – "Sanctions - The court must not impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2)."

THEREFORE, IT IS ORDERED THAT defendant Catholic Archdiocese of Omaha's motion for fees pursuant to Fed. R. Civ. P. 11, Filing No. 19, is granted as set forth herein. Defendant Catholic Archdiocese of Omaha is awarded the amount of $5,000.00, payable to it by plaintiff's legal counsel.

Dated this 10th day of June, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge